**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1785

AZHIEH DONALD NGALLA,

Petitioner,

versus

ALBERTO R. GONZALES,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-095-035)

Submitted: January 13, 2006          Decided: February 7, 2006

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Edwin K. Fogam, Silver Spring, Maryland, for Petitioner. Jonathan S. Gasser, United States Attorney, Frances C. Trapp, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Azhieh Donald Ngalla, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' ("Board") order adopting and affirming the immigration judge's decision to deny his applications for asylum and withholding from removal.[*] We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000).

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2005); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). Credibility findings, relevant to the subjective component, are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). We accord broad, though not unlimited, deference to credibility findings

_____

[*]Ngalla does not challenge the denial of relief under the Convention Against Torture.

- 2 -

supported by substantial evidence.  <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004).

To establish eligibility for withholding of removal, an alien must show a clear probability that, if he was removed to his native country, his "life or freedom would be threatened" on a protected ground.  8 U.S.C. § 1231(b)(3)(A) (2000); <u>see</u> <u>Camara</u>, 378 F.3d at 370 (4th Cir. 2004).  A "clear probability" means it is more likely than not the alien would be subject to persecution. <u>INS v. Stevic</u>, 467 U.S. 407, 429-30 (1984).  "The burden of proof is on the applicant for withholding of removal . . . to establish that his or her life or freedom would be threatened in the proposed country of removal" on account of a protected ground.  8 C.F.R. § 1208.16(b) (2005).  A showing of past threat to life or freedom on such a ground creates a rebuttable presumption that the threat would recur upon removal.  8 C.F.R. § 1208.16(b)(1)(I); <u>Camara</u>, 378 F.3d at 370.  Withholding of removal is mandatory if the alien meets the standard of proof.  <u>Stevic</u>, 467 U.S. at 429-30.

A determination regarding eligibility for asylum or withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole.  <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8 U.S.C. § 1252(b)(4)(B) (2000).  We will reverse the Board "only if 'the evidence presented

was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992)(internal quotation marks omitted)). We find the immigration judge's negative credibility finding was supported by substantial evidence. We further find the evidence was not so compelling as to warrant reversal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED